IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY DALE SODER,                    :
                                       :
                Petitioner,            :        CIVIL NO. 4:CV-07-0695
                                       :
        v.                             :        (Judge Jones)
                                       :
J. MICHAEL WILLIAMSON, et al.,         :
                                       :
                Respondents.           :

## MEMORANDUM

### May 27,  2008

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Jeffrey Dale Soder ("Petitioner" or "Soder") initiated this pro se action by filing a Petition for Writ of Habeas Corpus ("the Petition") (doc. 1) pursuant to 28 U.S.C. § 2254.  In the Petition, Petitioner challenges the sentence imposed by the Court of Common Pleas of Perry County, Pennsylvania, following his conviction for driving with a suspended license.

Petitioner also has filed a "Motion for Order to Show Cause."  (Rec. Doc. 10).

For the reasons set forth below, the Court will deny the Petition and the Motion.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On March 22, 2005, Trooper Richard T. Fultz, Pennsylvania State Police, Newport, stopped a motor vehicle operated by Soder in Millerstown, Perry County,

after observing that the vehicle did not have an inspection sticker in its windshield. (Rec. Doc. 7-2 at 8-9).[1]  Trooper Fultz, who was familiar with Soder because he previously issued him a citation for driving an unregistered vehicle without a driver's license, also observed that the vehicle had an expired Montana Registration Plate with a registration sticker that expired in 1998.  Id. at 9-10.  Soder was not able to produce a driver's license and registration.  Id. at 10, 12.  He explained that Montana did not require that the vehicle be inspected.  Id. at 12.  He admitted that his Pennsylvania license was suspended, but he claimed that he had an "international operator's permit."  Id.

Trooper Fultz obtained Soder's certified driver history from the Pennsylvania Department of Transportation ("PennDOT"), which listed an address for Soder in Costa Rica.  Id. at 13-14.  However, Trooper Fultz had personal knowledge, from previously issuing a citation to Soder in 2004 for driving without a license, that Soder resided at 21-A North Market Street, in Millerstown, Perry County, and also maintained a post office box in McAlisterville, Juniata County, Pennsylvania.  Id. at 14-15.

Based on all of the foregoing, Fultz issued a citation to Soder charging him with

---

[1] Unless otherwise stated, citations to page numbers are to the indicated pages of the ECF documents filed with the Court.

operating a motor vehicle with a suspended license in violation of 75 Pa. Cons. Stat. § 1543(a).  Id. at 20, 106.  Trooper Fultz noted on the citation that this violation constituted Soder's seventeenth offense.  Id. at 106.

On April 1, 2005, a hearing on the citation was held in the Perry County Court of Common Pleas.  (See Doc. 7-2 at 2).  Soder was convicted of violating 75 Pa. Cons. Stat. § 1543(a), which states that any person who is found operating a motor vehicle on a public roadway in the Commonwealth with a suspended driver's license is guilty of a summary offense and shall, upon conviction, be ordered to pay a fine of $200.[2] Id. at 29, 104.  However, because Soder was convicted of a sixth or subsequent offense under § 1543(a), he was ordered to pay a fine of $1,000 and sentenced to 90 days imprisonment pursuant to 75 Pa. Cons. Stat. § 6503(a.1).  Id.

Soder appealed his conviction and sentence to the Pennsylvania Superior Court. On July 14, 2006, the Superior Court remanded the case for a new trial on his conviction under § 1543(a) and sentencing pursuant to § 6503 because Soder was not advised of his right to counsel pursuant to Pa. R. Crim. P. 454(A), which provides that a defendant on trial in a summary case in which there is a reasonable likelihood of imprisonment shall be provided with counsel if indigent.  Id. at 104-05;

---

[2] Soder also was convicted under 75 Pa. Cons. Stat. § 1301(a), relating to his operation of an unregistered vehicle, and § 4703(a), relating to his operation of a vehicle without an official certificate of inspection.  (Rec. Doc. 7-2 at 29, 104.)  These convictions were affirmed by the Pennsylvania Superior Court and are not at issue here.  Id.

Commonwealth v. Soder, 905 A.2d 502 (Pa. Super. Ct. 2006).  Following its

disposition of Soder's appeal, the Superior Court relinquished jurisdiction and

remanded the case to the trial court for a new trial.

The new trial was held on August 29, 2006 before the Honorable J. Michael

Williamson, specially presiding.[3]  (Rec. Doc. 7-2 at 34).  Counsel was available to

represent Soder, but Soder failed to appear, and the trial was conducted in absentia.

Id.  Following trial, Soder was convicted of operating a motor vehicle in Perry County

with a suspended license in violation of 75 Pa. Cons. Stat. § 1543(a).  Id.  The Court

found that this was Soder's second or subsequent violation of § 1543(a), and

therefore, imposed sentence pursuant to 75 Pa. Cons. Stat. § 6503.  Id. at 35.  The

Court sentenced Soder to pay a fine of $1,000 and to a term of two to four months

imprisonment in the Perry County Correctional Facility.  Id.  Soder was to begin

serving his sentence on September 29, 2006 unless he perfected an appeal to the

Superior Court by that time.  Id.

On September 1, 2006, Soder appealed his conviction and sentence to the

Pennsylvania Superior Court.  (See Rec. Doc. 1 at 2.)[4]  On March 21, 2007, Soder's

---

[3] The proceedings held on August 29, 2006 were not transcribed.  (See Rec. Doc. 7-1 at 2.)

[4] In his instant Petition, Soder cites the Pennsylvania Superior Court docket at 1513 MDA 2006.  (Rec. Doc. 1 at 2.)  The Court engaged in computer research using Pennsylvania's Unified Judicial System website and confirmed that this docket number was assigned to Soder's appeal from the trial court's August 29, 2006 Order.  See http://ujsportal.pacourts.us.

appeal was dismissed for failure to file a brief.  (See 1513 MDA 2006).  Soder filed an

Application for Reconsideration on April 16, 2007, which was denied by Order dated

April 17, 2007.  See id.

Following dismissal of Soder's appeal, on March 27, 2007, the trial court

entered an Order directing the Sheriff of Perry County to take Soder into custody and

remand him to the Perry County Prison to begin serving the sentence that had been

imposed on August 29, 2006.  (See Rec. Doc. 1 at 20).  Soder began serving his

sentence on March 27, 2007.  (See Rec. Docs. 1 at 20; 7-1 at 1).

On April 4, 2007, Soder filed a petition for writ of habeas corpus with the

Pennsylvania Supreme Court.  (See Rec. Doc. 1 at 3.)  On April 13, 2007, before the

Pennsylvania Supreme Court disposed of his petition, Soder filed the instant Petition.

See id.  On May 8, 2007, the trial court entered an Order providing that, effective May

27, 2007, Soder would be paroled to begin serving the sixty-day to one-hundred-

twenty-day sentence that was imposed on July 20, 2006 at No. CP-50-SA-02-2006.

(See Rec. Doc. 7-2 at 1.)[5]

In his Petition, Soder raises the following three grounds for relief: 1) "lack of

---

[5] The Petition is not mooted by the fact that Soder was paroled before the Petition became ripe.  It is fundamental that an individual must be "in custody" in order to be eligible for habeas corpus relief.  Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984) (citing Carafas v. La Vallee, 391 U.S. 234, 238 (1968)).  The determination as to whether a petitioner is in custody is made at the time the petition for writ of habeas corpus is filed.  Id.  Here, Soder was "in custody" in the Perry County Prison on April 13, 2007 when he filed the instant Petition.

impersona jurisdiction" (doc. 1 at 5); 2) "lack of subject matter," id. at 6;

and "equal protection," id. at 8. The Court construes these three grounds as

challenges to the trial court's personal jurisdiction over Soder; the trial court's

jurisdiction over the subject matter of his citation for a violation of 75 Pa. Cons. Stat.

§ 1543(a); and the trial court's alleged imposition of a prison sentence in violation of

Soder's rights under the Equal Protection Clause of the Fourteenth Amendment.

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and

Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), on April 20, 2007, the Court issued a

formal notice to Soder that he could either have his Petition ruled on as filed, or

withdraw his Petition and file one all-inclusive § 2254 petition within the one-year

statutory period prescribed by the Antiterrorism Effective Death Penalty Act

("AEDPA"). (Rec. Doc. 3). The Court's Order provided that if Soder failed to file his

Notice of Election within 45 days, the Court would rule on the Petition as filed.

As Soder did not file a Notice of Election, a Show Cause Order (doc. 4) was

issued on July 2, 2007. On July 20, 2007, Respondents filed an Answer (doc. 7).

Soder filed his Reply (doc. 8) on August 3, 2007. Accordingly, the Petition is ripe for

review.

On November 9, 2007, Soder filed a "Motion for Order to Show Cause" ("the

Motion") (doc. 10), which appears to seek a hearing at which Respondents would be

required to show cause why the Petition should not be granted.  For the reasons stated below, we will also dispose of the Motion herein.

**<u>DISCUSSION</u>:**

A state prisoner cannot obtain habeas relief in federal court unless he has exhausted the remedies available in state court, there is an absence of available State corrective process, or circumstances exist that render such  process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1).  To satisfy these statutory requirements, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process."  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).  <u>See</u> <u>also</u> <u>Holloway v. Horn</u>, 355 F.3d 707, 714 (3d Cir. 2004).

Thus, a petitioner bears the burden of demonstrating that he has "fairly presented" his claims to the state's highest court, either on direct appeal or in a state post-conviction proceeding.[6]  <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997); <u>see</u> <u>also</u> <u>McMahon v. Fulcomer</u>, 821 F.2d 934, 940 (3d Cir. 1987).  A petitioner fairly presents his claim when he presents the same factual and legal basis for the claim to

---

[6] On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218, which declares that federal habeas petitioners do not have to appeal to the Pennsylvania Supreme Court to satisfy the exhaustion requirement.  The Third Circuit has recognized the validity of this Order, <u>see</u> <u>Lambert v. Blackwell</u>, 387 F.3d 210, 233-34 (3d Cir. 2004), <u>cert. denied</u>, 544 U.S. 1063 (2005), and, therefore, a federal petitioner under custody pursuant to the judgment of a Pennsylvania court need only appeal to the Pennsylvania Superior Court to exhaust available state remedies.

the state courts.  Nara v. Frank, 488 F.3d 187, 197-98 (3d Cir. 2007); see also Duncan v. Henry, 513 U.S. 364, 366 (1995).  In addition, the state court must be put on notice that a federal claim is being asserted.  Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001), cert. denied, 534 U.S. 973 (2001).

The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition.  Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984).  It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding.  Id.  Further, even if the state courts refuse to consider the claim on procedural grounds, the claim is exhausted if the state courts had the opportunity to address it.  Nara, 488 F. 3d at 198.  See also Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir. 1989) (effectively overruled on other grounds by Harris v. Reed, 489 U.S. 255 (1989)).

Soder's appeal of his August 29, 2006 conviction to the Pennsylvania Superior Court was dismissed as a result of his failure to file a brief.  (See 1513 MDA 2006). Consequently, he did not present the claims in his Petition to the Superior Court.[7]  See

---

[7] The claim in Soder's Petition that the trial court lacked subject matter jurisdiction was presented to the Superior Court in his previous appeal from his April 1, 2005 sentence.  (See Doc. 7-2 at 103.)  However, Soder's Petition challenges the sentence imposed on August 29, 2006, and, therefore, he was required to present his claims with regard to that sentence either on direct appeal

id.

If a petitioner fails to present a claim to the state courts, and state procedural rules bar him from now doing so, the exhaustion requirement is satisfied because there is literally "an absence of available State corrective process."  28 U.S.C. § 2254(b). See also Whitney v. Horn, 280 F.3d 240, 253 n.15 (3d Cir. 2002).  In such a case, an applicant has procedurally defaulted his claim, and federal courts may not consider the merits of such claims unless the applicant establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his or her default.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).  See also Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001); Keller, 251 F.3d at 415; Lines v. Larkins, 208 F.3d 153, 166 (3d Cir. 2000).

In this action, Soder has not alleged cause or prejudice.  He also has not alleged that a fundamental miscarriage of justice would result if the merits of his claims are not reviewed.  Accordingly, the claims in his Petition must be rejected on the grounds that Soder failed to pursue these claims in the state courts and has not established any appropriate basis for this Court to consider his claims in the first instance.

However, notwithstanding the failure to exhaust, the Court observes that the

_____

or through a collateral proceeding.  See Swanger, 750 F.2d at 295.  Because he did not pursue his appeal to the Superior Court at 1513 MDA 2006 and did not pursue any collateral proceedings, he has not exhausted the claims in his Petition.

claims raised in Soder's Petition are clearly without merit.  See 28 U.S.C. §

2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits,

notwithstanding the failure of the applicant to exhaust the remedies available in the

courts of the State.").  First, Soder challenges the trial court's personal jurisdiction

over him.  (Rec. Doc. 1 at 5.)  He claims that he did not actually enter a plea, but that a

plea was entered for him, and thus he was not a party to the action.  See id.  In

Pennsylvania, personal jurisdiction in a criminal matter is secured through the

defendant's presence within the territorial jurisdiction of the court.  Commonwealth v.

McNeil, 665 A.2d 1247, 1251 (Pa. Super. Ct. 1995) (citing Commonwealth v. Bruno,

201 A.2d 434 (Pa. Super. Ct. 1964), cert. denied, 379 U.S. 965 (1965)).  Here, Soder

was within the territorial jurisdiction of the Perry Court of Common Pleas when he

was cited for driving with a suspended license in Millerstown, Perry County.

Moreover, Soder maintains two addresses within the jurisdiction of the trial court.

Trooper Fultz testified at the first criminal hearing that Soder resides in Millerstown,

Perry County, and also maintains a post office box in McAlisterville, Juniata County,

both of which are under the jurisdiction of the Perry County Court of Common Pleas.[8]

Accordingly, the trial court had personal jurisdiction over Soder, and his first claim

---

[8] The 41st Judicial District of Pennsylvania is comprised of both Perry and Juniata Counties.
See http://www.courts.state.pa.us/index/commonpleas/Judicialdistricts.asp.

lacks merit.

Next, Soder challenges the jurisdiction of the trial court over the subject matter of his traffic citation.  (Rec. Doc. 1 at 6.)  He argues that the proper forum for a violation of the motor vehicle code is an administrative body.  See id.  Because Soder was charged with a summary offense of driving with a suspended license under 75 Pa. Cons. Stat. § 1543(a), the magisterial district judge had jurisdiction over the matter pursuant to 42 Pa. Cons. Stat. § 1515.  The Court of Common Pleas then had exclusive jurisdiction over Soder's appeal from the district judge's order pursuant to 42 Pa. Cons. Stat. § 932.  See also Soder, 905 A.2d at 503.  Consequently, Soder's second claim is without merit.

Finally, Soder argues that the trial court imposed a sentence of imprisonment upon him in violation of his right to equal protection.  (Rec. Doc. 1 at 8).  The Equal Protection Clause of the Fourteenth Amendment requires all persons "similarly situated" to be treated alike by state actors.  See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985).  To prevail here, Soder must show both that he was treated differently from persons who are similarly situated, and that this discrimination was purposeful or intentional rather than incidental.  See City of Cleburne, 473 U.S. at 439.  See also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 424 (3d Cir. 2000); Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir.

11

1985).  Soder correctly observes that § 1543(a) provides that a person convicted under that section shall be sentenced to pay a fine of $200.  However, Soder ignores the fact that he was a repeat offender, and, thus, the trial judge properly sentenced him pursuant to 75 Pa. Cons. Stat. § 6503, under which a term of imprisonment is a permissible sentence.  Therefore, Soder has failed to demonstrate that he was treated differently from others who are similarly situated, and his claim fails.  Because Soder's claims are without merit, his Petition will be denied.

Soder also has filed a "Motion for Order to Show Cause" (doc. 10), in which he requests that the Court schedule a hearing at which Respondents would be required to show cause why his Petition should not be granted.  Because this Court previously directed Respondents to show cause why the Petition should not be granted and the filings submitted in response to our Order demonstrate that no hearing is required, the Motion will be denied.

An appropriate Order closing this action shall issue on today's date.